**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbert Knauss, ) | No. CV 06-00888-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Phoenix, Neighborhood ) Preservation Division, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are Plaintiff Herbert Knauss's Amended Motion for Summary Judgment (doc. #19) and Defendant City of Phoenix's Motion for Judgment of Dismissal on the Pleadings (doc. #16). The Court now rules on the motions.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Herbert Knauss is a resident of Phoenix who, in his own words, "has been an active volunteer and financial contributor to several private and church programs helping the needy." (Compl. ¶3). Mr. Knauss volunteered with the Ecumenical Chaplaincy for the Homeless (the "Chaplaincy") in August of 1988. The Chaplaincy provided services to the homeless out of the First Presbyterian Church in downtown Phoenix. The Chaplaincy and First Presbyterian provided refreshments to the homeless waiting outside on the patio for the

services. On August 11, 1998, the City cited First Presbyterian for violating Phoenix Zoning Code 41-646-D-4.[1]

> That ordinance provides in pertinent part:
>
>> Prohibited Uses. Land in the CMO district shall not be used for the following uses, whether principal or accessory, unless such use was established in conformance with the City's regulations in effect immediately prior to the effective date of this section, or was a legally nonconforming use under the regulations in effect immediately prior to the effective date of this section . . . . 4. Unscreened charitable outdoor food serving.

The notice of ordinance violation instructed First Presbyterian to cease the unscreened outdoor charitable food service. The notice advised that to continue charitable food service, First Presbyterian must screen the outdoor area with a solid wall or apply for a special use permit to serve the food inside the church. First Presbyterian opted to end its outdoor food service to the waiting homeless.

On January 27, 1999, the City issued a notice of ordinance violation to Beacon Light SDA Church. Beacon Light served free lunches to the public. The notice instructed Beacon Light to stop serving the lunches because the service violated Phoenix Zoning Code P.C.C. 41-608-C. That ordinance prevents the serving of lunches in a residential area.

Mr. Knauss believes these ordinances, and others like them, target the homeless and deprive them of their constitutional rights. Mr. Knauss filed the present suit on March 28, 2006, alleging: **Count I** - violations of the First Amendment; **Count II** - violations of the due process and equal protection clauses of the Fifth Amendment; **Count III** - cruel and unusual punishment in violation of the Eighth Amendment; **Count IV** - violations of "Certain Rights Retained by the People Ninth Amendment" (Compl. p. 14); **Count V** - violations of the due

---

[1]Plaintiff attached three notices of ordinance violations as exhibits to his Complaint.

- 2 -

process and equal protection clauses of the Fourteenth Amendment; and **Count VI** - violation of the Arizona State Constitution.

Mr. Knauss moved for summary judgment on his claims on August 23, 2006 (doc. #15).  On November 13, 2006, the City moved for Judgment on the Pleadings (doc. #16). The Court denied Plaintiff's motion for summary judgment, without prejudice to refile, for failure to comply with Local Rule 56.1 on November 16, 2006 (doc. #17).  Mr. Knauss filed his Amended Motion for Summary Judgment on December 8, 2006 (doc. #19).

## II.  LEGAL STANDARD AND ANALYSIS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).  In other words, dismissal pursuant to Federal Rule of Civil Procedure 12(c) is inappropriate in circumstances in which, if the facts were as pleaded, they would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one pursuant to Rule 56. Fed. R. Civ. Pro. 12(c).  If the Court treats the motion as having been brought under Rule 56, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id*.  However, the Court may consider facts that are contained in materials of which the court may take judicial notice. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

### A.  Standing

The City argues Mr. Knauss does not have standing to bring this suit.  If Mr. Knauss does not have standing, then this Court does not have subject matter jurisdiction over the case and must dismiss. *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1103 (9th Cir. 2006).  The Court considers standing on a claim-by-claim basis. *Valley Outdoor, Inc. v. City of Riverside*, 446 F.3d 948, 952 (9th Cir. 2006).

Standing encompasses a blend of constitutional requirements and prudential considerations. *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish constitutional standing, Plaintiff must show: "(1) that there is an actual or imminent injury, which is concrete and particularized, not hypothetical or conjectural; (2) that the injury is fairly traceable to the City's actions; and (3) that it is likely, not merely speculative, that the injury will be redressed by a favorable decision." *Valley Outdoor*, 446 F.3d at 953 (internal citations omitted).

Article III standing requires that the plaintiff personally suffer an actual or threatened injury. *Valley Forge*, 454 U.S. at 472. Courts should not entertain cases that would convert the judicial process into "no more than a vehicle for the vindication of the value interests of concerned bystanders." *Id*. at 473 (quoting *United States v. SCRAP*, 412 U.S. 669, 687 (1973)). Courts cannot act as publicly funded forums for the "ventilation of public grievances or the refinement of jurisprudential understanding." *Id*.

Beyond constitutional requirements, federal courts have also adopted a set of prudential principles regarding standing. *Id*. at 474. Courts have held that a plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights and interests of third parties. *Id*. (citing *Warth*, 422 U.S. at 499). Additionally, even if the plaintiff has alleged sufficient redressable injury to satisfy Article III requirements, the Supreme Court has refrained from adjudicating "abstract questions of wide significance" that amount to "generalized grievances." *Id*. at 475 (quoting *Warth*, 422 U.S. at 499-500).

The Court commends Mr. Knauss for his dedication to helping the homeless. He obviously cares very deeply about their plight. But caring about the treatment of the homeless does not give Mr. Knauss standing to defend their rights or pursue remedies on their behalf. Nor does he have the right to pursue remedies on behalf of First Presbyterian, Beacon Church, or the Chaplaincy. This suit exemplifies the sort of case the Supreme Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

has cautioned against, a case that amounts to "no more than a vehicle for the vindication of the value interests of [a] concerned bystander[]." *Valley Forge*, 454 U.S. at 473.

In Count II of his Complaint, Mr. Knauss complains that the City has enforced its zoning ordinances unequally against churches inside the Capitol Mall Overlay district. He further alleges the City has enforced the zoning ordinances in a dehumanizing manner. These allegations relate to injuries to the churches and to the homeless. Mr. Knauss has not stated an equal protection claim in his own right. Mr. Knauss therefore does not have standing to pursue this claim.

In Count III, Plaintiff alleges that enforcement of the zoning laws amounts to cruel and unusual punishment because it punishes the homeless for their mere status. Plaintiff has not argued that the zoning ordinances punish his status. Plaintiff is not homeless. Plaintiff has not alleged that he personally suffered cruel and unusual punishment at the hands of the City. Consequently, Mr. Knauss does not have standing on the Eighth Amendment claim.

Count IV is a claim for violation of "Certain Rights Retained By the People Ninth Amendment." Compl. p.14. The Court cannot discern for certain which 9th Amendment rights Mr. Knauss claims the City has violated, but the Count clearly addresses the rights of the homeless. Plaintiff does not have standing to pursue claims on behalf of the homeless. The last sentence of County IV, however, states that the City has deprived Plaintiff of his requirement for spiritual redemption. Even if this allegation somehow confers standing on Plaintiff, Plaintiff has not stated a cognizable claim. Plaintiff does not have a constitutional right to spiritual redemption. The Court therefore grants the City judgment on the pleadings on that allegation.

Count V is another equal protection claim, this time under the Fourteenth Amendment. Plaintiff merely restates his allegations from County II. For the same reasons listed above, Mr. Knauss has no standing on this claim.

Plaintiff labeled Count VI "Arizona Constitution Claims." Compl. p. 15. Under that heading, Plaintiff merely recites portions of the Arizona constitution. The Court cannot

determine whether Plaintiff has standing from these bare recitations. In any case, Plaintiff has failed to articulate a claim under the Arizona constitution. The Court therefore grants the City judgment on the pleadings on Count VI.

In the counts discussed above, with a couple of possible exceptions,[2] Plaintiff has failed to allege an injury to himself and his interests. Instead, he has alleged injuries to the homeless and to the church. Plaintiff cannot meet the constitutional requirements for standing in this case without alleging a personal injury. *Valley Forge*, 454 U.S. at 472; *Valley Outdoor*, 446 F.3d at 953.

### B. Freedom of Religion Claim

Although Plaintiff does not have standing on his other claims, Plaintiff has sufficiently alleged a personal injury in certain allegations of Count I. Considered in the light most favorable to Plaintiff, he alleges that charity is an essential part of his religious worship and that the City's ordinance prevented him from extending charity at First Presbyterian and thereby prevented him from freely practicing his religion. Plaintiff has standing to pursue his freedom of religion claim.

Plaintiff also mentions his freedom of speech and association rights, but does not explain how the ordinances violate those rights. Plaintiff therefore has failed to state a claim for violation of his rights to freedom of speech and assembly. Plaintiff also attempts to state various First Amendment claims on behalf of others. Plaintiff does not have standing to assert defamation, freedom of speech, freedom of assembly, or freedom of religion claims on behalf of the homeless or First Presbyterian.

Although Plaintiff has standing on his freedom of religion claim, it cannot survive the City's motion for judgment on the pleadings. If a zoning law only incidentally burdens the free exercise of religion, "with the law being both neutral and generally applicable, it passes constitutional muster unless the law is not rationally related to a legitimate government

---

[2]The Court has dismissed for failure to state a claim any allegations in these Counts on which Plaintiff might have standing.

interest."³ *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1031 (9th Cir. 2004). The zoning ordinance prevents Mr. Knauss from serving refreshments to homeless individuals outdoors without a screen in the Capitol Mall Overlay District. The ordinances therefore only incidentally burden his right to freely practice the charitable tenets of his religion. Mr. Knauss has many other available opportunities to serve the homeless.

Because the ordinances only incidentally burden Mr. Knauss's free exercise of religion, the Court applies rational basis scrutiny if the ordinances are of general application and do not target religion. *Id*. at 1031. A law is neutral and of general applicability if it does not aim to "infringe upon or restrict practices because of their religious motivation and if it does not in a selective manner impose burdens only on conduct motivated by religious belief." *Id*. (internal citations omitted). The zoning ordinances challenged here fall within these parameters.

The ordinances apply equally to religious and non-religious organizations. Further, the ordinances do not aim to impose burdens on religious belief and practices. Rather, the City has adopted the ordinances to "assure compatibility of uses" within the Capitol Mall Overlay District. Municipalities have strong interests in maintaining the integrity of its zoning scheme and in protecting its neighborhoods. *City of Memphis v. Greene*, 451 U.S. 100, 127 (1981). The challenged ordinances rationally relate to furthering those interests. Because the ordinances are neutral and only incidentally burden Mr. Knauss's right to practice his religion, the ordinances satisfy the rational basis test. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999). The ordinances therefore are constitutional and the City is entitled to judgment on the pleadings on Plaintiff's freedom of religion claim.

---

³The Court will not apply strict scrutiny analysis to the ordinances because Plaintiff has not submitted a viable "hybrid" rights claim. *San Jose Christian College*, 360 F.3d. at 1031, 1032-33. Plaintiff merely mentions his freedom of speech and assembly rights, but does not state how the ordinances violate his rights. Mr. Knauss does explain why he thinks the ordinances violate others' rights of free speech and assembly, but he does not have standing to seek remedies on the behalf of the homeless.

Accordingly,

IT IS ORDERED GRANTING Defendant's Motion for Judgment of Dismissal on the Pleadings (doc. #16).

IT IS FURTHER ORDERED DENYING Plaintiff's Amended Motion for Summary Judgment (doc. #19).

DATED this 6th day of June, 2007.

*James A. Teilborg*
United States District Judge